## WATERS v. TAYLOR et al.

(Court of Appeals of District of Columbia. Submitted October 12, 1922.
Decided November 6, 1922.)

No. 3764.

1. **Judgment ☞856—Scire facias addressed to devisees of judgment debtor held fatally defective.**

Scire facias to enforce a judgment, addressed to named parties, described as devisees of judgment debtor, *held* fatally defective, in not sufficiently alleging that judgment debtor was dead at the time the writ was issued, that he left a will under which addressees succeeded to realty as his sole devisees, and in failing to describe this realty.

2. **Judgment ☞856—Scire facias addressed to devisees of judgment debtor held in nature of proceeding in rem.**

Scire facias, addressed to alleged devisees of judgment debtor, is in the nature of a proceeding in rem, as parties named in will of judgment debtor as devisees are not liable for his debts unless they actually succeed to his realty.

3. **Scire facias ☞10—Affidavit of defense unnecessary, where no cause of action alleged.**

Where no cause of action is alleged, a writ of scire facias may be quashed, though the motion therefor is not accompanied by an affidavit of defense.

Appeal from the Supreme Court of the District of Columbia.

Scire facias by Joseph J. Waters, administrator de bonis non of Richard Trunnell, against Bessie E. Taylor and others, devisees of Anson S. Taylor, deceased. From an order quashing the writ, the administrator appeals. Order affirmed.

J. J. Waters, of Washington, D. C., for appellant.
Clyde D. Garrett, of Washington, D. C., for appellees.

JAMES FRANCIS SMITH, Acting Associate Justice. [1] This is an appeal from an order of the Supreme Court of the District of Columbia, sitting in equity, quashing a writ of scire facias issued on the 26th of August, 1920, and addressed to Bessie E. Taylor, Sarah A. Taylor, and Estella T. Johnson, devisees of Anson S. Taylor, deceased.

The writ recites, first, that a decree was awarded to plaintiff's intestate against Anson S. Taylor on the 17th of January, 1890, for the sum of $55.20, with interest, and for costs and charges amounting to the sum of $30.10; second, that that decree was affirmed on appeal on the 2d of October, 1893; third, that on the 25th of September, 1905, a writ of scire facias was directed to said Anson S. Taylor, that he plead to said writ, that his plea was overruled, and that a judgment of "Fiat" was awarded on the 26th of August, 1908; fourth, that although an execution was issued on the judgment, and directed to the marshal of the District, the execution was returned "nulla bona," and in no part satisfied. The writ then alleges that said judgment is still wholly unsatisfied and in full force and effect.

That Anson S. Taylor was dead at the time the writ was issued, that he left a last will and testament, and that the parties to whom the writ was directed were the devisees of his real property, is not alleged in

the writ, unless the fact that the writ was addressed to "Bessie E. Taylor, Sarah A. Taylor, and Estella T. Johnson, devisees of Anson S. Taylor, deceased," can be construed as an allegation to that effect. If the death of Taylor, the execution by him of a last will, and the status of the parties' defendant as devisees, could be inferred from the fact that they were addressed as "devisees of Anson S. Taylor, deceased," there is absolutely nothing in the writ from which it can be assumed that they were the sole devisees named in the will, or that Taylor left real estate to which they succeeded on his death.

[2] The devisees of Anson S. Taylor, deceased, were not personally liable for his debts, and a scire facias against them is in the nature of a proceeding in rem. That proceeding is warranted against devisees only in case they have actually succeeded to real estate devised to them, and does not lie in the event that the testator dies leaving no real property. In other words, the liability of devisees for judgment debts of a testator attaches solely because lands have come to them under his will, and if the devise fails, either because the testator died leaving no real property or for any other reason, the devisees named in a will are not chargeable with the debts of the testator.

To state a cause of action against Taylor's devisees it was therefore essential that the writ should contain an allegation that they succeeded to real estate under the will. Thomas v. Farmers' Bank, 46 Md. 43–57; Bish v. Williar, 59 Md. 382.

. Moreover, if Taylor died leaving real estate, which passed to his devisees by virtue of his will, such real estate should have been described in the writ or in the return of the marshal with such certainty as to enable the court to determine whether the lands devised were subject to the lien of the judgment. Thomas v. Farmers' Bank, 46 Md. 57–59; Bish v. Williar, 59 Md. 385, 386. As no real estate subject to the lien of the judgment is described in the writ or the return, and as the writ does not allege that any real property passed under the will to the parties cited, no cause of action against them is disclosed by the record, and the motion to quash the writ was therefore properly granted.

[3] The point made by the appellant, that the motion to quash should not have been entertained, inasmuch as it was unaccompanied by an affidavit of defense, is not well taken. The fact that no cause of action was alleged was a sufficient defense in itself to the writ as it stood, and no affidavit was necessary to show a defense which was established on the face of the record.

The order and decree quashing the writ of scire facias issued on August 26, 1920, is affirmed.

Judge JAMES FRANCIS SMITH of the United States Court of Customs Appeals, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.